■ PATRICIA A. NICHTER, an Infant, by ANNE NICHTER et al., Her Parents and Natural Guardians, et al., Appellants, v JAMES A. HARTLEY et al., Appellants, and RUSSELL J. RIGNEY et al., Respondents, et al., Defendant. (And a Third-Party Action.) [596 NYS2d 865] —Levine, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from that part of an order of the Supreme Court (Dickinson, J.), entered December 19, 1991 in Putnam County, which, upon reconsideration, adhered to its prior decision granting a motion for summary judgment by defendants Russell J. Rigney and Russell White Transportation Company dismissing the complaint against them, (2) from an order of said court, entered August 7, 1991 in Putnam County, which granted a motion by defendants Russell J. Rigney and Russell White Transportation Company for summary judgment dismissing the complaint against them, and (3) from the judgment entered thereon.

On May 17, 1988, plaintiff Patricia Anne Nichter (hereinafter plaintiff), then age 14, was struck by a vehicle operated by defendant James A. Hartley after alighting from a school bus owned by defendant Russell White Transportation Company and operated by defendant Russell J. Rigney. The accident occurred at 2:55 P.M. on State Route 9D in the Village of Garrison, Putnam County. Route 9D is a two-lane highway running generally north and south. Plaintiff's home was located on the west side of the highway. The school bus was traveling north on Route 9D and stopped in the northbound lane to let plaintiff off opposite her home. Plaintiff was struck while crossing the highway by Hartley's vehicle traveling north in the southbound lane just as it passed the school bus. Plaintiff received serious head injuries in the accident and has no recollection of the event.

At his examination before trial (hereinafter EBT), Rigney testified that, as he approached the place where he let plaintiff off, he slowed down and activated the yellow flashing lights of the bus. When he brought the bus to a full stop in the northbound lane of Route 9D he activated the red flashing

_____

lights by partially opening the door. He then checked the rearview mirror and, seeing no approaching vehicles, fully opened the door to discharge plaintiff. As plaintiff began to cross the northbound lane of Route 9D in front of the bus, Rigney observed Hartley's vehicle three to four car lengths behind the bus, partly in the southbound lane, with headlights on and a flashing green light on the roof of the car. Rigney attempted to warn plaintiff by waving his arms and sounding the horn, to no avail.

Hartley was a member of defendant Garrison Volunteer Ambulance Corps and was proceeding to an accident scene at the time of this accident. In a statement to investigating police officers, he said that his speed was 55 to 60 miles per hour when he first saw the school bus and that he realized he could not stop in time to avoid striking the rear of the bus. Therefore, he veered into the southbound lane and saw plaintiff just an instant before impact, without having time to apply his brakes. In his EBT he testified that he was traveling at a speed of 45 miles per hour when he saw the school bus 100 yards in front of him. He lightly applied his brakes, reducing his speed to 35 miles per hour when he entered the southbound lane, and first saw plaintiff when she was 20 feet in front of his car, too late to avoid hitting her.

Based essentially upon the foregoing evidence, Supreme Court granted the motion of the school bus defendants (Rigney and Russell White Transportation Company) for summary judgment, and adhered to that decision after granting reargument, concluding that the sole proximate cause of the accident was "the reckless operation of the Hartley vehicle" and that no duty to plaintiff was breached by the school bus defendants. These appeals followed.

There should be a reversal. Unquestionably, Rigney owed plaintiff a duty of care, including the duty to warn her of any apparent danger, which continued until she reached a position of safety (see, Sewar v Gagliardi Bros. Serv., 69 AD2d 281, 286, affd 51 NY2d 752; McDonald v Central School Dist. No. 3, 179 Misc 333 [Van Voorhis, J.], affd 264 App Div 943, affd 289 NY 800). That Hartley may have been guilty of reckless operation of his vehicle in passing the school bus and striking plaintiff does not negate, as a matter of law, a possible causal connection between a breach of Rigney's duty of care to warn and safeguard plaintiff and the happening of the accident (see, McDonald v Central School Dist. No. 3, supra, at 336-337).

The proof in the record presents a triable issue of fact as to whether Rigney breached his duty of care to plaintiff. Notably,

from Hartley's EBT testimony a jury could find that his vehicle was observable through the rear view mirror of the bus at a distance of 100 yards. Also, according to the affidavit of plaintiff's accident investigators, the sight distance southward from the bus was 700 feet. Yet, according to Rigney, he did not see the Hartley vehicle until it was only three or four car lengths behind the bus, at the moment when plaintiff was only beginning to cross Route 9D in front of the bus. In our view, a trier of fact could reasonably infer that Rigney, in the exercise of due care, could and should have detected the danger from Hartley's oncoming vehicle at a sufficiently earlier point so as to have effectively warned plaintiff or otherwise have prevented her from entering the southbound land of Route 9D. Any such inattentiveness by Rigney could readily be found to have been a proximate cause contributing to the happening of the accident (see, Sewar v Gagliardi Bros. Serv., supra, at 289).

Moreover, an Education Department School Bus Driver Safety Training Manual in effect at the relevant time required that children crossing a roadway in front of a school bus not be permitted to pass beyond the protection of the bus until the driver has ascertained that it is safe to do so and gives a hand signal to proceed. Concededly, Rigney did not follow this procedure. The mandate of the School Bus Driver Safety Training Manual is evidence (albeit nonconclusive) of the standard of care, akin to an institutional or industry-wide safety rule, that the triers of fact might find appropriate in this case irrespective of whether Rigney was made personally aware of the required procedure (see, Matter of Air Crash Disaster, 635 F2d 67, 76-77; see also, Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 336-337; Martinez v Moroldo, 160 AD2d 387, 388). Thus, a triable issue was also presented as to whether Rigney's failure to institute the precautionary measures outlined in the manual and to use it when plaintiff left the bus to cross Route 9D constituted negligence contributing to the happening of the accident (see, supra; see also, Danbois v New York Cent. R. R. Co., 12 NY2d 234, 239-240; Brown v Board of Educ., 37 AD2d 836).

Weiss, P. J., Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the orders and judgment are reversed, with one bill of costs, and motion for summary judgment by defendants Russell J. Rigney and Russell White Transportation Company denied.

■ EDWARD D. STARKEY, as Executor of the Estate of GRACE