■ MAZI SIGMOND, an Infant, by His Mother and Natural Guardian, THESALLY H. SIGMOND, et al., Appellants-Respondents, v LIBERTY LINES TRANSIT, INC., et al., Respondents, MARISELA BARAJAS, Also Known as MARASEL BARASAS, et al., Respondents-Appellants, et al., Defendant. [689 NYS2d 239] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered February 6, 1998, as granted the respective cross motions of

the defendants Board of Education of the City School District of the City of New Rochelle, Liberty Lines Transit, Inc., Juan Morales, and County of Westchester for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and denied their cross motions for summary judgment against those defendants, (2) the plaintiffs separately appeal from a judgment of the same court, entered February 20, 1998, which dismissed the complaint and all cross claims insofar as asserted against the defendants Liberty Lines Transit, Inc., Juan Morales, and County of Westchester, and (3) the plaintiffs separately appeal from a judgment of the same court, entered May 6, 1998, which dismissed the complaint and all cross claims insofar as asserted against the defendant Board of Education of the City School District of the City of New Rochelle. The defendants Marisela Barajas a/k/a Marasel Barasas and Jesus Barajas cross-appeal, as limited by their brief, from so much of the order entered February 6, 1998, as granted those branches of the respective cross motions of the defendants Board of Education of the City School District of the City of New Rochelle, Liberty Lines Transit, Inc., Juan Morales, and County of Westchester which were to dismiss their cross claims. The notice of cross appeal of the defendants Marisela Barajas a/k/a Marasel Barasas and Jesus Barajas from the order entered February 6, 1998, is also deemed to be a notice of cross appeal from the judgments entered February 20, 1998, and May 6, 1998, respectively (*see,* CPLR 5501 [c]).

Ordered that the appeal and cross appeal from the order are dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs payable by the appellants.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal from the judgments (*see,* CPLR 5501 [a] [1]).

The infant plaintiff was injured when he crossed in front of a bus owned by Liberty Lines Transit, Inc. (hereinafter Liberty), from which he had just disembarked and was struck by a vehicle which was maneuvering around the stopped bus. The bus was driven by the defendant Juan Morales. The plaintiffs premise their theory of liability, in part, upon alleged viola-

tions of the Vehicle and Traffic Law because the bus in which the infant plaintiff had been transported was not equipped as a "school bus".

Vehicle and Traffic Law § 375 (20) provides, *inter alia,* that "[e]very omnibus having a seating capacity of more than seven passengers, *used exclusively to transport pupils * * * to and from school*" must be equipped in accordance with the statute's requirements, including red flashing signal lamps and other indicia of a "school bus" (emphasis added). However, the record demonstrates that the bus from which the infant plaintiff had alighted was not being used "exclusively" to transport pupils. Accordingly, the Supreme Court correctly concluded that the defendants Board of Education of the City School District of the City of New Rochelle (hereinafter the Board), Liberty, Morales, and County of Westchester (hereinafter the County), are not subject to liability for failure to comply with Vehicle and Traffic Law § 375 (20).

Moreover, the duty of Liberty and Morales to the infant plaintiff as a passenger terminated when he alighted safely on the sidewalk (*see, Kramer v Lagnese,* 144 AD2d 648; *Matter of Eisenberg v Village of Mamaroneck,* 137 AD2d 817). There is no showing that Morales committed any acts or failed to perform any duty owed to the infant plaintiff which was a substantial factor in bringing about the accident. Therefore, the Supreme Court properly granted the cross motion of Liberty, Morales, and the County for summary judgment.

A school district owes a duty of care to its students while the children are in its physical custody or orbit of authority, or if a specific statutory duty has been imposed (*see, Chainani v Board of Educ.,* 87 NY2d 370; *Pratt v Robinson,* 39 NY2d 554, 560). Where the school district has engaged an independent contractor to provide busing, the school district cannot be held liable based on physical custody once the children board the contractor's bus (*see, Chainani v Board of Educ., supra*). We find that here the Board was not "providing" transportation, but, instead, was merely providing the students with an opportunity to purchase tokens at a discount for use on the Liberty bus. Therefore, the Board did not breach any duty of care owed to the plaintiffs and its cross motion for summary judgment was also properly granted.

The parties' remaining contentions are without merit. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.