■ DAVID XX., as Parent and Guardian of MICHAEL XX., an Infant, Respondent, v SAINT CATHERINE'S CENTER FOR CHILDREN et al., Appellants. [699 NYS2d 827] —Mikoll, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered December 3, 1998 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages in consequence of the alleged sexual abuse of his six-year-old son, Michael XX., by Thomas YY., a 13-year-old fellow student at defendant Saint Catherine's Center for Children, a private school providing special education for emotionally disturbed children under a contract with defendant City School District of Albany. The abuse is said to have occurred over a six-week period in July to August 1994 while Michael XX., Thomas YY. and several other students were being transported from Saint Catherine's on a school bus operated by defendant Albany Yellow Communications Company pursuant to contract with the School District. The vehicle on which Michael XX. traveled was a small school bus with a 16-seat capacity, although it appears that no more than eight students, and frequently fewer, rode the bus during the period in question.

Plaintiff has alleged that defendants were negligent in fail-

ing to protect Michael XX. from the sexual assaults by adequately supervising and controlling the students on the bus, particularly in that they permitted students to be transported without the presence of a bus aide mandated by the School District's contract with Albany Yellow. The sole question presented on this appeal is whether Supreme Court properly denied each defendant's motion for summary judgment. Defendants' claims to the contrary, questions of fact abound as to negligence of each and we therefore affirm Supreme Court's order.

Albany Yellow was not entitled to summary judgment because the record presents unresolved questions of fact bearing upon the ultimate question of whether its conduct fell short of the requisite standard of care rendering it answerable in negligence (see, Pratt v Robinson, 39 NY2d 554, 560-562; Nichter v Hartley, 192 AD2d 842, 843; Sewar v Gagliardi Bros. Serv., 69 AD2d 281, 286, affd 51 NY2d 752). It is uncontroverted that Albany Yellow's contract with the School District required the presence of an aide on buses transporting certain students, including Michael XX., to and from Saint Catherine's. There is a clear factual dispute as to whether Albany Yellow complied with this requirement. Although it has proffered the deposition testimony of the bus driver stating that aides were always present on the bus which transported Michael XX., the record contains considerable testimony to the contrary from plaintiff and his wife that on numerous occasions during the relevant period no aide was present when Michael XX. was dropped off at home.

Plaintiff's wife testified that prior to learning of the abuse but after Michael XX. complained of fighting and other violence on the bus, she had telephoned Albany Yellow to complain about the absence of aides and to request increased vigilance over the conduct of the students. Michael XX. testified that the abuse occurred when no aide was present on the bus. Louise Mara, an administrative assistant at Saint Catherine's whose duties included bringing the children to and from the buses, confirmed that there were occasions when no aides were present on the buses when the students arrived in the morning and when the buses arrived to pick the children up at the end of the school day. She stated, however, that it was Saint Catherine's policy to insist that an aide be present on the bus before leaving the school.

We are unpersuaded by Albany Yellow's argument that independent of the factual issue as to the presence or absence of a bus aide, it cannot be held liable since it lacked any knowledge

of Thomas YY.'s behavior and/or history, and consequently the offending conduct was not reasonably foreseeable. Plaintiff has raised issues of fact bearing on, *inter alia*, the purpose of the requirement of aides on buses transporting these emotionally disturbed children and whether complaints had been made to Albany Yellow concerning the absence of aides and previous violence on the bus when no aide was present.

Saint Catherine's and the School District maintain that they were entitled to summary judgment since the claimed abuse occurred on the bus after Michael XX. left the school's custody and control. Ordinarily, the duty of care imposed on a school district, and in this case a private school, terminates upon a student's release from their physical custody. Likewise, where a school district hires an independent contractor to provide transportation services, it will not ordinarily be liable for injuries sustained in connection therewith (*see, Chainani v Board of Educ.*, 87 NY2d 370, 380-381; *Sigmond v Liberty Lines Tr.*, 261 AD2d 385, 387). This general rule will not apply, however, where the student is released into circumstances which pose a foreseeable risk of harm. Consequently, if the school and/or school district were aware of an unreasonable risk posed by the conduct or nonfeasance of the bus company and failed to take steps to minimize the risk despite being in the best position to do so, liability may ensue (*see, Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664; *Chainani v Board of Educ.*, *supra*, at 382).

Here, plaintiff has produced evidence that he and his wife repeatedly advised representatives of Saint Catherine's and the School District that there were no aides on the bus and that Michael XX. was being physically and verbally abused. Further, plaintiff tendered evidence that Thomas YY. had a documented prior history of aggressive sexual dysfunction. Summary judgment was precluded by the existence of numerous questions of fact as to the extent of these defendants' awareness of Thomas YY.'s history and prior assaultive behaviors, earlier reported incidents on the bus and whether they were in a position to or did take action to minimize the risks thereby posed to Michael XX. (*see, Mirand v City of New York*, 84 NY2d 44, 49).

We summarily reject Saint Catherine's argument that summary judgment was appropriate based on plaintiffs' failure to demonstrate that Michael XX. sustained any "cognizable damages related to this incident". The testimony of plaintiff, his wife and Michael XX. plainly refute this claim. We also reject the claim of Albany Yellow and Saint Catherine's that Supreme

Court erred in refusing to dismiss plaintiff's claim for punitive damages. To recover punitive damages, plaintiff must demonstrate that the party's conduct was so reckless or negligent as to constitute a conscious disregard of the rights of others (*see, Rekemeyer v Cerone*, 252 AD2d 22, 26). Accepting the truth of plaintiff's allegations and viewing his evidence in the most favorable light, we cannot say as a matter of law that the ultimate fact finder would be precluded from such a finding. Finally, we do not entertain Saint Catherine's argument that plaintiff's claim against it for negligent aftercare must be dismissed because in another action brought by plaintiff against this defendant Supreme Court found the allegations lacking in merit and that consequently this is "the law of the case". The record is devoid of any evidence pertaining to the resolution of the other action. With the basis for the court's findings in that action not before us, the discontinuance will not be given preclusive effect.

Mercure, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.