■ ALYSSA WISOFF et al., Appellants, v COUNTY OF WESTCHESTER, Defendant and Third-Party Plaintiff-Respondent, and CORALI EDWARDS, Respondent. BOARD OF EDUCATION OF CITY OF NEW ROCHELLE, Third-Party Defendant-Respondent. [745 NYS2d 60] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated January 3, 2001, as granted that branch of the motion of the defendants County of Westchester and Corali Edwards which was for summary judgment dismissing the plaintiffs' claims against them based upon violations of Vehicle and Traffic Law § 375 (20) and § 1174 (b), and granted that branch of the motion of the defendant third-party defendant, Board of Education of the City of New Rochelle, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The infant plaintiff was injured when she was struck by a vehicle driven by the defendant Nancy Ricevuto shortly after alighting from a bus operated by the defendant Coralie Edwards. The plaintiffs premise their theory of liability upon alleged violations of the Vehicle and Traffic Law, because the bus in which the infant plaintiff was transported was not equipped as a "school bus."

The Supreme Court correctly concluded that Edwards and the County of Westchester are not subject to liability for failure to comply with Vehicle and Traffic Law § 375 (20) and § 1174 (b). The bus from which the infant plaintiff alighted was not being used "exclusively" to transport pupils (see Vehicle and Traffic Law § 375 [20]). In addition, Edwards' duty to the infant plaintiff as a passenger terminated when the infant plaintiff alighted safely onto the sidewalk (see Sigmond v Liberty Lines Tr., 261 AD2d 385; Shahzaman v Green Bus Lines Co., 214 AD2d 722; Kramer v Lagnese, 144 AD2d 648).

The Supreme Court also correctly granted summary judgment to the Board of Education of the City of New Rochelle. Where a school district has engaged an independent contractor to provide bus transportation, the school district cannot be

held liable based on physical custody once the children board the contractor's bus (*see Sigmond v Liberty Lines Tr., supra* at 387; *see also Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370; *Womack v Duvernay*, 229 AD2d 488). Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.