■ VIRGIL SMITH, Individually and as Parent and Natural Guardian of DEREK SMITH, a Minor, Appellant, v HAZEL E. SHERWOOD, Defendant, and CITY OF SYRACUSE et al., Respondents. [891 NYS2d 798]—

Memorandum: Plaintiff commenced this action, individually and on behalf of his 12-year-old son, seeking damages for injuries sustained by his son when he was struck by a vehicle operated by defendant Hazel E. Sherwood. At the time of the accident, plaintiff's son was a student at a private school in defendant City of Syracuse (City) and was transported to and from school on buses owned by defendant Central New York Regional Transportation Authority, also known as Centro, Inc. (Centro), pursuant to a contract between Centro and defendant School District. The buses were not yellow school buses and were not equipped with the safety features required for school buses pursuant to Vehicle and Traffic Law § 375 (20). On the date of the accident, defendant bus driver drove past the stop for plaintiff's son and dropped him off on the opposite side of the street. Upon exiting the bus, plaintiff's son walked in front of the bus and was struck by Sherwood's vehicle while he was attempting to cross the street.

Supreme Court erred in granting that part of the motion of Centro and defendant bus driver (collectively, Centro defendants) seeking summary judgment dismissing the common-law negligence claim against them, and we therefore modify the order accordingly. Because Centro was acting on behalf of the School District in transporting students, Centro had a common-law duty to perform that service in a careful and prudent manner (see Pratt v Robinson, 39 NY2d 554, 561 [1976]). Further, a bus driver has a continuing duty "to exercise reasonable care to [ensure] that discharged [students] reach[ ] a position of safety before moving his [or her] vehicle," and that duty extends to discharged students who must cross to the opposite side of the street if the bus driver knows that they must do so (Sewar v Gagliardi Bros. Serv., 69 AD2d 281, 286 [1979], affd 51 NY2d 752 [1980]). Here, there is evidence in the record that defendant bus driver knew that plaintiff's son had to cross the street after exiting the bus, without the benefit of the red flashing lights found on yellow school buses. Although Centro was not subject to the equipment requirements of Vehicle and Traffic Law § 375 (20), the absence of that equipment increased the

danger of discharging plaintiff's son on the wrong side of the street. "[B]ecause '[t]he presence of the bus necessarily created some hazard' . . . by obstructing the views of the child and the drivers of overtaking vehicles, 'the jury might well find that [the Centro defendants] assumed a duty to protect [the child] against the special danger which it had created' " (*Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 671-672 [1999], *rearg denied* 93 NY2d 1042 [1999], quoting *McDonald v Central School Dist. No. 3 of Towns of Romulus, Varick & Fayette, Seneca County*, 179 Misc 333, 336 [1941], *affd* 264 App Div 943 [1942], *affd* 289 NY 800 [1943]). We further conclude that the Centro defendants failed to meet their burden of establishing as a matter of law that defendant bus driver's failure to provide any supervision or assistance to plaintiff's son in crossing the street was not a proximate cause of the accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Contrary to plaintiff's contention, however, the court properly granted those parts of the motion of the Centro defendants seeking summary judgment dismissing the claims alleging violations of the Vehicle and Traffic Law against them. The Centro defendants were not bound by the requirements of Vehicle and Traffic Law § 375 (20) or § 1174 (b) inasmuch as the bus used to transport plaintiff's son was not a yellow school bus and was not used exclusively to transport students (*see Wisoff v County of Westchester*, 296 AD2d 402 [2002]; *Sigmond v Liberty Lines Tr.*, 261 AD2d 385, 387 [1999]).

We further conclude that the court properly granted the motion of the City, the School District, and defendant Board of Education of the School District (collectively, School District defendants) for summary judgment dismissing the complaint against them. It is well settled that a school district owes a common-law duty of care to its students while they "are in its physical custody or orbit of authority . . . , and if the school [district] chooses to provide transportation services it must do so in a careful and prudent manner" (*Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 378 [1995], *rearg denied* 87 NY2d 862 [1995]). Here, however, the School District contracted out its responsibility for transportation to Centro, and they therefore cannot be held liable for injuries sustained by plaintiff's son after he boarded the Centro bus (*see id.* at 379; *Wisoff*, 296 AD2d 402 [2002]). Insofar as plaintiff's claim against the School District defendants is premised upon their alleged violation of the duty imposed by Vehicle and Traffic Law § 1174 (b), that statute "clearly place[s] the affirmative obligation on bus drivers, not school [districts]" (*Chainani*, 87 NY2d at 379),

and thus there is no statutory basis for the imposition of liability with respect to the School District defendants. Finally, contrary to plaintiff's contention, the mere fact that the School District entered into a contract with Centro to provide transportation to its students on buses other than yellow school buses does not constitute a breach of duty to plaintiff or his son (*see generally Wisoff*, 296 AD2d 402 [2002]; *Sigmond*, 261 AD2d at 387).

All concur except Hurlbutt, J.P., and Fahey, J., who dissent in part and vote to affirm in the following memorandum.

Hurlbutt, J.P., and Fahey, J. (dissenting in part). We respectfully dissent in part and would affirm the order. We agree with the majority that Supreme Court properly granted those parts of the motion of defendant Central New York Regional Transportation Authority, also known as Centro, Inc., and defendant bus driver (collectively, Centro defendants) for summary judgment dismissing the claims alleging violations of the Vehicle and Traffic Law against them, as well as the motion of defendant City of Syracuse (City), defendant City School District (School District), and defendant Board of Education of the School District for summary judgment dismissing the complaint against them. In our view, however, the court also properly granted that part of the motion of the Centro defendants for summary judgment dismissing the common-law negligence claim against them. We cannot agree with the majority that the driver of a city bus that is neither painted yellow nor equipped with the flashing lights and stop signs utilized by school buses has a duty to ensure that a student passenger has safely crossed the street. Indeed, with respect to the common-law negligence claim against the Centro defendants, their "duty to [plaintiff's son] as a passenger terminated when [he] alighted safely on the curb" (*Kramer v Lagnese*, 144 AD2d 648, 649 [1988]; *see Wisoff v County of Westchester*, 296 AD2d 402 [2002]; *Sigmond v Liberty Lines Tr.*, 261 AD2d 385, 387 [1999]). Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.