[944 NE2d 637, 919 NYS2d 102]

VIRGIL SMITH, Individually and as Parent and Natural Guardian of DEREK SMITH, Respondent, v HAZEL E. SHERWOOD et al., Defendants, and CENTRAL NEW YORK REGIONAL TRANSPORTATION AUTHORITY, Also Known as CENTRO, INC., et al., Appellants.

Argued January 11, 2011; decided February 15, 2011

## POINTS OF COUNSEL

*Mackenzie Hughes LLP*, Syracuse (*W. Bradley Hunt* and *Stephen T. Helmer* of counsel), for appellants. I. Plaintiff's negligence claim should be dismissed because the Centro, Inc. defendants had no duty to Derek Smith after he safely left the bus. (*Kramer v Lagnese*, 144 AD2d 648; *Sigmond v Liberty Lines Tr.*, 261 AD2d 385; *Wisoff v County of Westchester*, 296 AD2d 402; *Ortola v Bouvier*, 110 AD2d 1077; *Mooney v Niagara Frontier Tr. Metro Sys.*, 125 AD2d 997; *Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 117 AD2d 541; *Georges v Rajnarine*, 277 AD2d 283; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106; *Sewar v Gagliardi Bros. Serv.*, 69 AD2d 281, 51 NY2d 752; *McDonald v Central School Dist. No. 3 of Towns of Romulus, Varick & Fayette, Seneca County*, 179 Misc 333, 264 App Div 943, 289 NY 800.) II. Plaintiff's negligence claim also should be dismissed because the Centro, Inc. defendants did not proximately cause Derek Smith's accident. (*Miller v Fernan*, 73 NY2d 844; *Sigmond v Liberty Lines Tr.*, 261 AD2d 385; *Mooney v Niagara Frontier Tr. Metro Sys.*, 125 AD2d 997; *Ortola v Bouvier*, 110 AD2d 1077.)

*Kenny and Kenny, PLLC,* Syracuse (*Michael P. Kenny* and *Erin K. Skuce* of counsel), for respondent. I. The Appellate Division, Fourth Department, appropriately modified the order of the Supreme Court, thereby reinstating the negligence claim against the Centro, Inc. defendants. (*Ugarriza v Schmieder,* 46 NY2d 471; *Andre v Pomeroy,* 35 NY2d 361; *Zuckerman v City of New York,* 49 NY2d 557; *Cammarere v Villanova,* 166 AD2d 760; *Sewar v Gagliardi Bros. Serv.,* 51 NY2d 752; *Pratt v Robinson,* 39 NY2d 554; *Chainani v Board of Educ. of City of N.Y.,* 87 NY2d 370; *Keiser v Elmer,* 225 AD2d 589; *McDonald v Central School Dist. No. 3 of Towns of Romulus, Varick & Fayette, Seneca County,* 289 NY 800; *Wolf v City of New York,* 39 NY2d 568.) II. The Centro, Inc. defendants failed to establish as a matter of law that their conduct was not a proximate cause of the incident. (*Lockhart v Adirondack Tr. Lines,* 289 AD2d 686; *Mirand v City of New York,* 84 NY2d 44; *Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239; *Ferrer v Harris,* 55 NY2d 285.)

*Steven B. Weingarten,* Albany, for New York Public Transit Association, amicus curiae. The Appellate Division's ruling adversely affects public transportation operators that transport students to and from school on public buses. (*Wisoff v County of Westchester,* 296 AD2d 402; *Sigmond v Liberty Lines Tr.,* 261 AD2d 385; *Kramer v Lagnese,* 144 AD2d 648.)

## OPINION OF THE COURT

GRAFFEO, J.

Defendant Central New York Regional Transportation Authority, also known as Centro, contracted with the Syracuse City School District to provide students in the District with bus transportation to and from various schools. Centro buses were public buses, not yellow school buses that are generally associated with the transportation of school students and are outfitted with specially designed safety equipment. The contract did not prohibit members of the public from riding on Centro's buses when students were being transported, but there were exterior signs that read "Special" posted on these buses to inform potential nonstudent riders that the buses were not following normal routes.

In October 2002, Derek Smith was 12 years old and attended seventh grade at a private school in the Syracuse area. At the beginning of the school year, Derek and other students attended a presentation regarding proper bus safety. They were instructed

not to cross in front of buses and to wait until buses were at least a block away before attempting to cross streets. The purpose of this cautionary advice was to alert the students that stopped buses could block their ability to see traffic. Similar instructions were repeated in written materials that were distributed to the students and the warnings were reiterated on signs in Centro buses. Centro's rules also required its bus drivers to use the public address system on the buses twice a week to repeat these cautions to students.

After school on October 3, 2002, Derek got on a Centro bus being driven by defendant Theodore Gray. Derek usually disembarked at a designated stop on the west side of South Salina Street (a four-lane road) near West Cheltenham Road, the side of the street nearest to his home. That day, the bus driver went past Derek's stop, either because Derek did not pull the bus cord to inform the driver that he wanted to get off or because the driver did not hear or ignored the signal. After the bus turned around in a parking lot (pursuant to its scheduled route), it stopped on the east side of South Salina Street and Derek exited the bus. He immediately walked in front of the bus and into the adjoining lane of traffic, where he was struck by an automobile traveling in the same direction as the bus. Derek was seriously injured in the accident.

Derek's father commenced this action against Centro, Gray and others. As relevant to this appeal, the complaint asserted that Centro and Gray had breached their common-law duty to Derek and violated the statutory provisions that regulate school buses. Centro and Gray moved for summary judgment dismissing the complaint. Supreme Court granted their motion, but the Appellate Division, with two Justices dissenting, modified and reinstated the common-law negligence claim (68 AD3d 1785 [2009]). The Appellate Division then certified a question to us asking whether its order was proper.

We answer the certified question in the negative. It has long been the rule that "[a] common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988], citing *Fagan v Atlantic Coast Line R.R. Co.*, 220 NY 301, 306-307 [1917]). Once that occurs, no further duty exists, even if the disembarking passenger is a schoolchild who attempts to cross a street by passing in front of a stopped bus (*see e.g. Wisoff v County of Westchester*, 296 AD2d 402 [2d Dept 2002]; *Sigmond v Liberty Lines Tr.*, 261 AD2d 385, 387 [2d Dept

1999]; *Kramer v Lagnese*, 144 AD2d 648, 649 [2d Dept 1988]; *Mooney v Niagara Frontier Tr. Metro Sys.*, 125 AD2d 997, 998 [4th Dept 1986]). Although plaintiff correctly notes that there is a question of fact regarding the reason why Derek was dropped off on the east side of South Salina Street instead of the west side, it is unnecessary to resolve that factual issue because Derek exited the bus at a safe location, terminating the duty owed to him by Centro and Gray.

In allowing the negligence claim to proceed, the Appellate Division relied, in part, on *Sewar v Gagliardi Bros. Serv.* (51 NY2d 752 [1980]). *Sewar*, however, involved a yellow school bus subject to the mandated use of specific safety equipment under Vehicle and Traffic Law § 375 (20). Such specially-equipped school buses are statutorily required to stop "with red signal lights flashing" until a passenger needing to cross a street does so (Vehicle and Traffic Law § 1174 [b]). Furthermore, a violation of Vehicle and Traffic Law § 1174 (b) may serve as the basis for a viable cause of action (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 382-383 [1995]; *Van Gaasbeck v Webatuck Cent. School Dist. No. 1*, 21 NY2d 239, 244-245 [1967]). Concomitantly, the Vehicle and Traffic Law provides that all operators of motor vehicles must stop when approaching a school bus with red flashing lights (*see* Vehicle and Traffic Law § 1174 [a]). The public bus that Derek rode, however, was not subject to these rules (*see* Vehicle and Traffic Law § 375 [20]) and its driver therefore did not have the legal authority (or the necessary safety equipment) to make other vehicles stop while Derek crossed the street. In the absence of the special duty that applies to yellow school buses, Centro and Gray are entitled to summary judgment dismissing the complaint against them.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the common-law negligence claim against defendants Centro and Theodore R. Gray dismissed and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order, insofar as appealed from, reversed, etc.