■ MINERVA A. GARCIA et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [30 NYS3d 647]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated October 27, 2014, as granted that branch of the motion of the defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs allege that on the evening of December 29,

2010, the plaintiff Minerva A. Garcia (hereinafter the injured plaintiff) slipped and fell on snow and ice on the sidewalk after alighting from a bus owned and operated by the defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (hereinafter together the transit defendants). As a result, the plaintiffs commenced this action against, among others, the transit defendants, alleging negligence. Following discovery, the transit defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court granted that branch of the motion. We affirm the order insofar as appealed from.

"[A] common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988]; *see Smith v Sherwood*, 16 NY3d 130, 133 [2011]; *Fagan v Atlantic Coast Line R.R. Co.*, 220 NY 301, 306-307 [1917]; *Barravecchio v New York City Tr. Auth.*, 83 AD3d 630, 632 [2011]). Once that obligation is satisfied, no further duty on the part of the common carrier exists with respect to the disembarking passenger (*see Barravecchio v New York City Tr. Auth.*, 83 AD3d at 632; *Wisoff v County of Westchester*, 296 AD2d 402, 402 [2002]; *Sigmond v Liberty Lines Tr.*, 261 AD2d 385, 387 [1999]).

Here, given the injured plaintiff's deposition testimony, which was submitted in support of the motion, the transit defendants demonstrated their prima facie entitlement to judgment as a matter of law by demonstrating that they did not breach any duty owed to the alighting injured plaintiff under the circumstances that existed at the time of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the transit defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them. Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.