Gerardo v Breton (2023 NY Slip Op 00157)

Gerardo v Breton

2023 NY Slip Op 00157

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 151451/19 Appeal No. 17079 Case No. 2021-04578 

[*1]Ramona Gerardo, Plaintiff-Respondent,
v
Luz Breton et al., Defendants-Appellants, Jose Elias Carchipulla et al., Defendants.

Anna J. Erovolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Jonathan A. Dachs, New York, for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about November 29, 2021, which granted plaintiff's motion to compel defendants-appellants to produce a complete copy of the Bus Operator's Training Manual to the extent of directing the production of the manual in effect on the date of the accident, subject to a confidentiality agreement, unanimously affirmed, without costs.
The court providently exercised its discretion in compelling the production of a complete copy of the training manual, in light of the liberal discovery rules (see CPLR 3101[a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 [1968]). The manual may shed light on the standard of care applicable to defendant bus driver's operation of the bus, and whether the driver breached it by, among other things, allegedly signaling to plaintiff that it was safe to cross the street when it was unsafe to do so (see Clarke v New York City Tr. Auth., 174 AD2d 268, 275 [1st Dept 1992]; see also Nichter v Hartley, 192 AD2d 842, 844 [3d Dept 1993]). Although plaintiff did not assert a claim for negligent training, the manual may still yield information relevant to the prosecution of her claims (see Forman v Henkin, 30 NY3d 656, 661 [2018]; cf. Tangalin v MTA Long Is. Bus, 92 AD3d 766, 767-768 [2d Dept 2012]). While the manual and internal rules might ultimately be inadmissible for imposing a standard of care higher than that of ordinary care (see Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 323 [1st Dept 2006], affd 8 NY3d 931 [2007]), their admissibility at trial is not dispositive on a discovery motion (see Avila Fabrics v 152 W. 36 St. Corp., 22 AD2d 238, 241 [1st Dept 1964]).
We have considered defendants' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023