**Putien New Power Intl. Trade Co., Ltd. v Esquire Footwear Brands, LLC**

2024 NY Slip Op 33550(U)

October 3, 2024

Supreme Court, New York County

Docket Number: Index No. 157819/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. EMILY MORALES-MINERVA          PART          42M

_Justice_

-------------------------------------------------------------------------X

PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD.,

Plaintiff,

- v -

ESQUIRE FOOTWEAR BRANDS, LLC, ISAAC SAADA, WHITE OAK COMMERCIAL FINANCE, LLC

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157819/2022 |
| MOTION DATE | 05/30/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 83, 84

were read on this motion to/for _____DISCOVERY_____.

APPEARANCES:

Bluestone, P.C., New York, New York (M. Zachary Bluestone, Esq., of counsel), for plaintiff.

Goldberg Segalla LLP, New York, New York (Adam S. Katz, Esq., of counsel), for defendants Esquire Footwear Brands LLC and Isaac Saada.

HON. EMILY MORALES-MINERVA:

In this action for an alleged fraudulent conveyance, PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. ("plaintiff") moves, pursuant to CPLR § 3214, for an order compelling defendants ESQUIRE FOOTWEAR BRANDS, LLC, and ISAAC SAADA (collectively, "defendants") to comply with plaintiff's first set of interrogatories and first requests for production. Plaintiff also seeks an order awarding them costs, and imposing penalties

157819/2022 PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 1 of 14

[* 1]

on defendants. Defendants oppose the motion, and cross-move for a protective order.

For the reasons set forth below, the court grants the subject motion, in part, and denies the cross-motion in its entirety.

## BACKGROUND

On June 08, 2021, in a related action for breach of contract, the court (Andrew Borrok, J.S.C.), entered a default judgment in favor of plaintiff PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. (plaintiff) against non-party Esquire Footwear LLC "in the amount of $1,449,529.74, plus statutory interest of 9% per annum from the date of entry of judgment, plus costs and disbursements" (Putien New Power Int'l Trade Co. v. Esquire Footwear LLC, 2021 N.Y. Misc. LEXIS 19332, *1 [Sup Ct, NY Cnty 2021]).

In this action, plaintiff filed a complaint seeking to recover said amount against defendant Esquire Footwear Brands, LLC ("Esquire Footwear Brands"), Issac Saada ("Saada"), and White Oak Commercial Finance, LLC ("White Oak"), alleging that they engaged in a scheme to evade non-party Esquire Footwear LLC's creditors, including the plaintiff, by fraudulently transferring its assets to defendant Esquire Footwear Brands.

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 2 of 14

2 of 14

[* 2]

The causes of action asserted in the complaint are first, successor liability against Esquire Footwear Brands; second, fraudulent transfer under the New York Debtor & Creditor Law ("DCL") against Esquire Footwear Brands and Isaac Saada -- the former Chief Executive Officer (CEO) of non-party Esquire Footwear and current CEO of Esquire Footwear Brands; third, breach of fiduciary duty against Saada pursuant to the trust fund doctrine; and fourth, aiding and abetting the alleged breach of fiduciary duty and fraudulent transfer against defendant White Oak, non-party Esquire Footwear LLC's first-priority secured creditor.

Defendants moved, pre-answer, for an order dismissing all causes of action asserted against Saada, a portion of the successor liability claim, and the second and third causes of actions for fraudulent transfer entirely (see CPLR § 3211 [a] [7]). In addition, defendant White Oak moved to dismiss all claims against it.

The court (N. Bannon, J.S.C.), granted Esquire Footwear Brands and Saada's motion to the extent that it dismissed the second and third causes of action for fraudulent transfer, but denied the motion to the extent that it sought an order dismissing all causes of action against Saada and sought an order dismissing a portion of the first cause of action against

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 3 of 14

3 of 14

[* 3]

Esquire Footwear Brands.[1] The same court granted defendant White Oak's motion for summary judgment in its entirety, dismissing all causes of action against White Oak.

Therefore, the only causes of action before this court are plaintiff's causes of action for successor liability against Esquire Footwear Brands and breach of fiduciary duty against Saada based on the trust fund doctrine.

Finally, the Court (N. Bannon, J.S.C), directed Esquire Footwear Brands and Saada to file an answer to the remaining causes of action within 20 days from the date of that order and scheduled a preliminary conference on January 18, 2024 (see Putien New Power Int'l Trade Co. v. Esquire Footwear Brands, LLC, 2024 NY Misc LEXIS 237, *9-10 [January 15, 2024]).

All parties appeared at said conference, which took place off record. Following the conference, the court (N. Bannon, J.S.C.) issued a conference order directing, among other things, that defendants file responses and/or objections to plaintiff's interrogatories and document requests within a certain deadline (see NYSCEF Doc. No. 53, Preliminary Conference Order).

---

[1] The court (N. Bannon, J.S.C.) held that the "plaintiff's allegations that Esquire Footwear transferred its assets, goodwill, client relationships, vendor numbers, offices, warehouse, management, and employees to Esquire Brands, and that there was continuity of ownership" was sufficient to state a successor liability claim under the mere continuation doctrine (NYSCEF Doc. No. 49, Decision and Order, January 15, 2024). However, the same court dismissed the fraudulent transfer causes of action, finding that the plaintiff failed to plead with sufficient particularity the facts constituting these claims.

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Defendants provided no answers and filed their objections two days late.  Defendants also filed their answer to the complaint two weeks late.

However, thereafter, the parties met and conferred on discovery to no avail.

Then, on May 09, 2024, plaintiff filed a motion (seq. no. 003), pursuant to CPLR § 3215, for an order granting it a default judgment against Esquire Footwear Brands and Saada for failure to submit a timely answer. Defendant Esquire Footwear Brands cross-moved for, among other things, an order compelling plaintiff to accept the untimely answer.

The undersigned denied plaintiff's motion for a default judgment, as plaintiff failed to submit proof of the facts constituting the claim.  Additionally, the undersigned granted Esquire Footwear Brand's cross-motion to compel acceptance of its late answer. Along with finding Esquire Footwear Brand had an excuse, the court based its reasoning on the judiciary's strong preference for adjudicating cases on the merits (see NYSCEF Doc. No. 91, Decision and Order, dated July 8, 2024).

Plaintiffs now file motion (seq. no. 004), pursuant to CPLR § 3214, for an order compelling defendant to (a) provide complete sworn answers to plaintiff's first set of interrogatories; to (b) provide complete responses to plaintiff's first requests for production; and to (c) produce

**157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004**

**Page 5 of 14**

5 of 14

all documents responsive to plaintiff's first requests for production within seven days of the court's order on the motion.

Defendants oppose the motion, maintaining that plaintiff's requests are unduly burdensome and exceedingly overbroad.

ANALYSIS

"There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by (1) a party, or the officer, director, member, agent or employee of a party" (see CPLR § 3101 [governing the scope of disclosure] [emphasis added]). What is "material and necessary" is left to the sound discretion of the lower courts (Andon ex rel. Andon v 302-304 Mott St. Assoc., 94 NY2d 740 [2000]). However, it is settled that parties seeking disclosure need not demonstrate "items [they have] not yet obtained contain material evidence" (Forman v Henkin, 30 NY3d 656, 664 [2018]).

Indeed, the "purpose of discovery is to determine if material relevant to a claim or defense exists" (id.), and its scope extends to matters that may lead to the revelation of admissible proof (id.; see also Allen v. Crowell-Collier Publishing Co., 21 NY2d 403, 406 [1968] [holding "the words, 'material and necessary', are . . . to be interpreted liberally

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 6 of 14

6 of 14

[* 6]

to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity"]; Gerardo v Breton, 212 AD3d 461 [1st Dept 2023] [citing Allen, supra, 21 NY2d at 46, for the same proposition]).

A party objecting to certain disclosure "shall serve a response which shall state with reasonable particularity the reasons for each objection" (CPLR § 3122 [a]). Refusal to produce relevant and material documents based on an unsupported claim of undue burden or a general and unspecified assertion of "privilege" fails to meet CPLR § 3122(a)'s requirement of "reasonable particularity," and is insufficient as a matter of law (see Anonymous v H.S. for Envtl. Studies, 32 AD3d 353, 359 [1st Dept 2006]).

Where an objecting party fails to respond to or comply with discovery, "the party seeking disclosure may move to compel compliance or a response," pursuant to CPLR § 3214. The court may grant such a motion, after weighing "the need for discovery against any special burden borne by the opposing party" (Kavanagh v Ogden Allied Maint. Corp., 92 NY2d 952, 954 [1998] [internal quotation marks and citation omitted]; see also Valencia v City of New York, 188 AD3d 549, 550 [1st Dept 2020]) [providing that it is within the court's discretion to grant a motion to compel]).

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 7 of 14

[* 7]

7 of 14

"[W]hen courts are called upon to resolve a dispute, discovery requests 'must be evaluated on a case-by-case basis with due regard for the strong policy supporting open disclosure'" (Forman, supra, 30 NY3d at 662 [citation omitted]). "[I]n the event that judicial intervention becomes necessary, courts should first consider the nature of the event giving rise to the litigation and the injuries claimed, as well as any other information specific to the case, to assess whether the relevant material is likely to be found" (id. at 665).

"[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (Matter of Arad 2 LLC v Hamo, 2024 N.Y. Misc. LEXIS 6727, *2-3 [Sup Ct, NY Cnty 2024] [Robert R. Reed, J.S.C.], quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 407 [1968]; see also Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]).

However, if "review of [a] document demand and interrogatories reveals that . . . a substantial portion [of the same] is overbroad, burdensome, or calls for irrelevant material or conclusion . . . , the remedy is vacatur of the entire demand and interrogatories" (Editel, New York v Liberty Studios, Inc., 162 AD2d 345, 346 [1st Dept 1990] [citations omitted]; see also International Plaza Assoc., L.P. v Lacher, 104 AD3d 578, 578 [1st

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 8 of 14

8 of 14

[* 8]

Dept 2013] [holding the motion court appropriately vacated the discovery request in its entirety, although some of the requests were relevant and not duplicative, and granting leave to serve proper requests]; see also Rivera v New York City Hous. Auth., 2016 N.Y. Misc. LEXIS 1654, *6 [Sup Ct, NY Cnty 2016] [Manuel Mendez, J.S.C.]. This is true even if "some of the information requested in [the demand and interrogatories] is necessary to defend the action" (id.).

Applying these principles here, the court initially addresses plaintiff's request for interrogatories from defendant Saada, dated September 07, 2023, and plaintiff's request to produce documents from Saada, dated the same. Both said interrogatories and document demands are appropriate considering the pending causes of action for successor liability and breach of fiduciary duty based on the trust fund document.

The demands seek materials limited in time -- January 01, 2019, through the date of the demand September 07, 2023 -- encompassing periods relevant to the alleged events and injury (see NYSCEF Doc. No. 73, Plaintiff's First Request for the Production of Documents, p 4). Further, among other things, the requests are limited by reference to specific transactions, persons, entities, warehouse addresses, agreements, and/or relationships, coinciding with the facts as alleged in the complaint.

157819/2022   PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE          Page 9 of 14
FOOTWEAR BRANDS, LLC ET AL
Motion No.  004

9 of 14

[* 9]

Finally, the information sought appears to deliberately target materials that may likely contain pertinent information about non-party Esquire Footwear LLC's relationship to defendants Esquire Footwear Brand and Saada, if any, and relevant information about said defendants' involvement, if any, in the transfer of non-party Esquire Footwear, LLC's assets to defendant Esquire Footwear Brand.

Saada's general objections to the "requests" and "specific" objections to the request for production of documents are mostly boilerplate and conclusory assertions that the requests are overbroad or unduly burdensome (see NYSCEF Doc. No. 74, Defendants' Responses). Additionally, most of Saada's responses end with assurance that Saada will provide the documents requested after meeting and conferring with plaintiff (id.).

The court turns next to plaintiff's request for interrogatories, dated September 07, 2023, addressed to defendant Esquire Footwear Brands, and plaintiff's request to produce documents, dated and addressed the same. Taking the requisite liberal approach to discovery, and considering the causes of action before the court, it appears these demands are appropriate.

They seek answers and materials within the time frame of the allegations as set forth in the verified complaint, January 01, 2019, through the date of the demand (see NYSCEF Doc. No.

157819/2022 PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 10 of 14

10 of 14

73, Plaintiff's First Request for the Production of Documents, p 4). Additionally, plaintiff makes requests that are tailored to specific transactions, persons, entities, warehouse addresses, agreements, and/or relationships, in line with the facts alleged in the complaint.

Finally, the information sought targets materials that may likely contain relevant information about non-party Esquire Footwear LLC's relationship to defendants Esquire Footwear Brand and Saada, if any, and relevant information about said defendants' involvement, if any, in the transfer of non-party Esquire Footwear, LLC's assets to defendant Esquire Footwear Brand.

Defendant Esquire Footwear Brands objections are unavailing as mostly conclusory and include several responses that the limited liability corporation would provide the materials following a meet and confer with plaintiff.

The cross-motion of defendants Esquire Footwear Brand and Saada for a protective order is similarly unavailing.[2] CPLR § 3103 (a) provides:

---

[2] The parties' papers are technically noncompliant with 22 NYCRR § 202.7 (c), which requires motions related to disclosure to include "an affirmation of good faith effort to resolve the issues raised by the motion." However, the record otherwise establishes, through affirmations of counsel submitted in support of the motion and cross-motion, that the parties attempted on numerous occasions to resolve the outstanding discovery issues prior to the filing of the subject motion (seq. no. 004) and cross-motion (see generally Loeb v Assara New York, LLP, 118 AD3d 457, 458 [1st Dept 2014]; see also Encalada v Riverside Retail, LLC, 175 AD3d 467, 468 [1st Dept 2019]). Further, given the unique circumstances of this case, "'any further attempt

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 11 of 14

11 of 14

[* 11]

"The court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning [sic] or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts."

Defendants make a brief argument in this regard, quoting incomplete parts of the discovery demands and/or characterizing requests without addressing the limiting language therein (see NYSCEF Doc. No. 63, Affirmation of Adam Katz, Esq. in Support of Defendants' Cross-Motion, ¶35-37; see also NYSCEF Doc. No. 83, Affirmation of Adam Katz, Esq. in Support of Defendants' Opposition to Plaintiff's Motion to Compel, at ¶6). On this record, the court finds no basis for a finding of "unreasonable annoyance, expense, disadvantage, or other prejudice" (id.).

Finally, the court addresses plaintiff's request for reasonable attorneys' fees in filing this motion to compel. Plaintiff submits no authority for this request and, generally, a prevailing party in litigation may not recover attorneys' fees from the losing party (Sage Sys., Inc. v Liss, 39 NY3d 27, 29 [2022], citing Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Absent statute, agreement, or contract, containing

---

to resolve the dispute non-judicially'" would likely be futile (id., quoting Northern Leasing Sys., Inc. v Estate of Turner, 82 AD3d 490, 490 [1st Dept 2011]).

**157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL Motion No. 004**  Page 12 of 14

12 of 14

[* 12]

"'unmistakably clear' language" permitting a successful party to recovery for attorneys' fees, no such recovery is permissible (Sage Sys, Inc., 39 NY3d at 31, citing Hooper, 74 NY2d at 492).

Accordingly, it is,

ORDERED that plaintiff PUTIEN NEW POWWER INTERNATIONAL TRADE CO., LTD's motion (seq. no. 004) granted, in part, to the extent that it seeks an order directing defendants ESQUIRE FOOTWEAR BRANDS, LLC, and ISSAC SAADA to comply with its interrogatories and demand for document discovery, and the motion is otherwise denied; it is further

ORDERED that defendants ESQUIRE FOOTWEAR BRANDS, LLC, and ISSAC SAADA, shall submit responses to plaintiff's outstanding interrogatories and request for document production within 60 days of service of this order with notice of entry; it is further

ORDERED that, if either or both defendants have no documents of the demand's nature in their possession, custody, or control, either or both defendants must produce a Jackson affidavit (see Jackson v City of New York, 185 AD2d 768 [1st Dept 1992]); it is further

ORDERED that, if either or both defendants allege that certain documents requested are privileged, either or both defendants must submit a privilege log as to those materials; it is further

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 13 of 14

13 of 14

[* 13]

ORDERED that the cross-motion of defendants is denied in its entirety; it is further

ORDERED that plaintiff shall serve defendants ESQUIRE FOOTWEAR BRANDS, LLC, and ISSAC SAADA with notice of entry within ten days of this decision and order; and it is further

ORDERED that the parties appear for a virtual status conference in Part 42, on December 9, 2024, at 11:30 A.M.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 10/3/2024 | | |
|---|---|---|
| DATE | | EMILY MORALES-MINERVA, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL
Motion No. 004

Page 14 of 14

14 of 14