■ GRACE MARENGHI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered April 27, 1988, upon a jury verdict in favor of the plaintiff against the defendant in the amount of $174,976.85, reversed, on the law, without costs, and the complaint is dismissed.

This action was brought to recover damages for personal injuries sustained by the plaintiff on October 16, 1981, at approximately 10:30 A.M., after she had alighted from a subway train operated by defendant at the Chambers Street subway station in lower Manhattan. According to the plaintiff's trial testimony, she emerged from the train and had taken a few steps. The doors had closed behind her. Just then she observed an unidentified passenger rushing down a flight

of steps that lead to the platform, shouting, "hold the train." The steps were to her right, although the distance between plaintiff and this passenger, when she observed him, is unclear from the record. The plaintiff looked backward and to her left, observing about nine feet away the head of the conductor extended through the train's open window. The train doors opened, and then immediately began to close. The unidentified passenger knocked the plaintiff over, injuring her, and jumped over her body and through the closing doors. The train then left the station, leaving plaintiff injured on the platform.

The jury awarded the plaintiff substantial damages after trial. We now reverse the judgment in plaintiff's favor and dismiss the complaint, finding, as a matter of law, that by no rational process could the jury have found in favor of the plaintiff on the evidence presented. Mindful that questions of proximate cause are generally for the trier of fact to determine, we nevertheless fail to discern any actionable negligence on defendant's part, even accepting, as we must, that all of the plaintiff's evidence was true, and according the plaintiff every favorable inference to be drawn from the facts presented. *(Candelier v City of New York,* 129 AD2d 145, 147; *Lipsius v White,* 91 AD2d 271.)

Plaintiff argues that the train conductor was negligent in reopening the train doors, since by doing so the unidentified passenger was urged to run for the doors, thus placing the plaintiff in danger. We believe plaintiff's reasoning is speculative, and an insufficient basis for a jury verdict. *(Digelormo v Weil,* 260 NY 192, 199.)* The unidentified passenger was moving quickly down the steps when first seen by the plaintiff. There is no evidence that had the train doors not reopened, the unidentified passenger would not have continued running along the platform in an effort to catch the train. Nor was there any proof that the conductor could have observed, or did in fact observe, the running passenger from his location on the train. Plaintiff admitted that a series of supporting columns ran along the platform close to the train, and there was no evidence that the conductor could have seen the unidentified passenger with these columns obscuring his view.

Even if we were to find that the jury could have inferred from the mere reopening of the doors that the conductor saw the running passenger and was acting in response to his shouts, we nevertheless agree with the defendant that the conduct of the unidentified passenger was an unforeseeable, superseding act which broke the chain of causation. It was

plaintiff's burden to show that defendant's negligence was a substantial cause of her injury. *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520.) Intervening acts of third persons do not necessarily prevent a recovery, and it is usually, but not always, a question for the jury whether the intervening act was foreseeable. *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308.) But where the allegedly negligent act merely furnishes an occasion for an unrelated act producing an injury, and where the injury is not of the kind to be expected from the negligent act, it may be found that the act of a third party is a superseding cause as a matter of law. *(Supra,* at 315-316.) Here, the reopening and closing of the doors, if it were in fact a negligent act, might be expected to cause injury to a passenger falling from the train or becoming entangled in the doors. It simply could not be expected that because the doors were reopened the unidentified passenger would run directly into the plaintiff. *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339.) There was no evidence that the station was overcrowded, or that the only path to the open doors was through the spot on which plaintiff was standing. We find this case comparable to *Hanshew v Lehigh Val. R. R. Co.* (247 App Div 784), where the trainman opened only certain doors on the train, causing a crowd of passengers to rush toward the open door, and in the process injure the plaintiff—yet there it was held that plaintiff had no cause of action.

We are also mindful that the concept of proximate cause also rests upon considerations of sound public policy. *(Derdiarian v Felix Contr. Corp., supra,* at 314.) Were we to permit defendant to be exposed to liability merely because train doors are opened, or not opened, in every instance where persons are running to catch trains, operation of the transit system would be impossible, and defendant would be cast as an insurer of its passengers. No manageable limit could be placed on defendant's liability if trains' doors could not be opened when passengers are rushing to catch trains.

Because we do not believe that the reopening of the doors breached any duty to the plaintiff, and because we believe that plaintiff's case rests on mere speculation and that the unidentified passenger's conduct was unforeseeable, we find it unnecessary to address plaintiff's argument that the trial court should have charged the jury, in accordance with defendant's rules, that train doors must remain open for at least 10 seconds. Even if this rule had been breached, there was no showing that it was in any way causative of plaintiff's injury. Concur—Ross, J. P., Carro and Kassal, JJ.

Asch and Rubin, JJ., dissent in a memorandum by Asch, J., as follows: Viewing the evidence here in the light most favorable to plaintiff *(see, Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376), I find that there was sufficient evidence before the jury to sustain its verdict as a matter of law.

The plaintiff testified that after she exited the train and saw the train doors close behind her, she heard a man who was hurrying down a staircase yell "open the doors, open the doors". The conductor, who had his head partially outside the train, reopened the doors. In response to this action, the man sped up and ran into her, knocking her to the ground.

The jury was justified in finding that the action of the train conductor was a substantial factor in causing plaintiff's injuries, since it was directly responsible for the unidentified man accelerating his speed and crashing into plaintiff. The conductor should have reasonably anticipated that his opening the doors in response to the shouted command would cause such an acceleration.

"To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury * * *. Plaintiff need not demonstrate, however, that the precise manner in which the accident happened, or the extent of injuries, was foreseeable (Restatement, Torts 2d, § 435, subd 2).

"Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence". *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315.)

Certainly, the jury could properly find that the conductor, just nine feet away from plaintiff, saw and heard what she saw and heard; that from the shouts "hold the train" and "open the doors" that a passenger, anxious to catch the train, would arrive on the platform immediately; that plaintiff and others were right in the vicinity of the closed doors; and that, by reopening and reclosing the doors quickly, the conductor in effect issued an "invitation" to the passenger to put on a burst of speed to catch the train, thereby endangering those other passengers, including plaintiff, who stood between him and the doors.

In addition, while the majority is correct in its recognition

that the concept of proximate or legal cause rests in part upon public policy considerations serving to place manageable limits upon potential liability *(see, Derdiarian v Felix Contr. Corp., supra,* at 314), defendant is a common carrier and has a duty to take reasonable precautions in handling passengers on its platforms and ways to its cars *(see,* 17 NY Jur 2d, Carriers, § 414 *et seq.).* There is no unusual extension of liability under the facts of this case. Certainly, liability would not be imposed, as the majority contends (at 274), "merely because train doors are opened, or not opened, in every instance where persons are running to catch trains".

In this case, however, the jury found that the transit employee knew or should have known that his action in reopening the train doors, after seeing and hearing an already running, approaching passenger, created a foreseeable risk of collision to other passengers, including plaintiff, who had just disembarked. Of course, opening the doors in the first instance, while passengers are running, might not create liability. The facts presented to the jury here were much different, however. The defendant's employee actively encouraged the third party in his recklessness by *reopening* the doors in response to his shouts, and in disregard of the safety of those on the platform.