■ WELLINGTON FUNDING AND BUSINESS CONSULTANTS, INC., Appellant-Respondent, v CONTINENTAL GRAIN COMPANY et al., Respondents-Appellants. [686 NYS2d 425] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 8, 1997, which, *inter alia*, granted defendants' motion to set aside the jury verdict awarding plaintiff $10 million for breach of contract and $30 million in punitive damages for defamation, and dismissed said claims, and denied said motion to the extent that it sought dismissal of the $1 million award of compensa-

tory damages for defamation, unanimously affirmed, without costs.

Mindful of the demanding standard for setting aside of a jury verdict (*Elkins v Ferencz*, 253 AD2d 601, 604), and that questions of contractual intent are largely for resolution by the trier of fact (*Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256, 259), it is nonetheless clear that there was no breach of contract. Although the parties' agreement was, in general, sufficiently definite (*see, Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482, *cert denied* 498 US 816), and defendants were bound in good faith to help satisfy the contractual condition of obtaining a willing lender for plaintiff's loan program and not to frustrate its basic purpose (*see, Metropolitan Life Ins. Co. v RJR Nabisco*, 716 F Supp 1504, 1517; *Trade & Indus. Corp. v Euro Broker's Inv. Corp.*, 222 AD2d 364, 368), the scope of this implied obligation was narrower than plaintiff contended. As the trial court correctly observed, defendants possessed a right of first refusal by which they retained the discretion to chose not to pursue any particular transaction proposed by plaintiff. It is therefore unnecessary to determine whether defendants' conduct evinced the requisite clear intention not to perform so as to amount to a repudiation.

The letter upon which plaintiff predicates its claim for defamation contained false statements, inasmuch as it inaccurately conveyed the impression that the defendant subsidiaries had not authorized plaintiff to represent that they were interested in its loan financing program. The defamatory publication was based upon foreseeable consequences borne of the initial publication, which was copied to a nonparty bank, and not upon any nonactionable voluntary republication by plaintiff (*cf., Wieder v Chemical Bank*, 202 AD2d 168, *lv denied* 83 NY2d 759; *Weintraub v Phillips, Nizer, Benjamin, Krim & Ballon*, 172 AD2d 254). Damage to business reputation is presumed (*Langenbacher Co. v Tolksdorf*, 199 AD2d 64), and the compensatory award was not impermissibly speculative.

The punitive damage award was properly set aside for failure to show common-law malice (*see, Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479-480). Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.