■ HOWARD B. ROSS, Appellant, v MTA LONG ISLAND RAIL ROAD, Respondent, et al., Defendant. [793 NYS2d 86]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated January 29, 2004, as granted the motion of the defendant MTA Long Island Rail Road for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint insofar as asserted against the defendant MTA Long Island Rail Road is reinstated.

The Little Neck railroad station of the defendant MTA Long Island Rail Road (hereinafter the LIRR) is designed such that the eastern entrance, which is a walkway leading to the boarding platform, can only be accessed via a dirt shoulder on the side of 39th Road. That road is owned by the defendant City of New York. On the evening of May 21, 2001, the plaintiff left the Little Neck station through its eastern entrance and, while

walking along the dirt shoulder, fell into a six-inch deep depression.

The plaintiff commenced this action to recover damages for personal injuries, contending that the LIRR, as a common carrier, failed to provide passengers with a safe approach to the station because the walkway was only accessible via the narrow, unlit, dirt shoulder which contained the depression. The LIRR moved for summary judgment, arguing that the plaintiff should have walked to a sidewalk across the street instead of walking along the shoulder.

The LIRR met its burden of establishing its entitlement to judgment as a matter of law by providing evidence showing that the plaintiff could have used the sidewalk across the street as a safe route (*see Ambriano v Town of Oyster Bay*, 266 AD2d 415 [1999]; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 107 [1987]). However, the plaintiff raised a triable issue of fact by providing evidence showing that it was not safe to cross the street to use the sidewalk across the street, in that there were no cross walks, stop signs, or traffic lights that would enable one to safely cross the street.

Accordingly, the LIRR's motion for summary judgment should have been denied. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.