■ MARILYN BRYANT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and CITY OF NEW YORK et al., Respondents. [816 NYS2d 513]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and "John Doe" appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated July 14, 2004, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On October 24, 2000, the plaintiff allegedly fell into a pothole and was injured as she stepped off a bus owned and operated by the defendant New York City Transit Authority and driven by the defendant "John Doe" (hereinafter collectively referred to as the TA). The duty of a common carrier "to an alighting passenger [is] to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan,* 73 NY2d 844, 846 [1988]; *see Diedrick v City of New York,* 162 AD2d 496, 496-497 [1990]). The plaintiff contends that the TA breached its duty because, upon exiting the bus, she was caused to step down into a pothole.

The Supreme Court properly denied the TA's motion for summary judgment because it failed to tender evidence sufficient to entitle it to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Questions of fact exist as to whether the TA breached its duty to the plaintiff under the circumstances of this case (*see Conetta v New York City Tr. Auth.,* 307 AD2d 333 [2003]). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.