■ JOSEPHINE CULMONE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [835 NYS2d 689]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated May 31, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff Josephine Culmone (hereinafter the plaintiff) was boarding a New York City bus operated by the defendant agency when the bus driver allegedly ordered the passenger ahead of her to get off the bus. As that passenger turned around to exit the bus, he knocked the plaintiff over, causing her to fall off the bus and into the street.

The plaintiff then commenced this action against the defendant, and her husband asserted a derivative claim. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's injuries were solely attributable to the actions of the other passenger, and were not the result of any negligence on the part of the bus driver. The plaintiff opposed the motion without tendering any additional evidence. The court denied the motion. We reverse.

Contrary to the plaintiffs' contention, the defendant established its prima facie entitlement to judgment as a matter of

law by tendering evidence that the sole proximate cause of the plaintiff's injury was the intentional or negligent conduct of the passenger ahead of her, and negligence on the bus driver's part, if any, merely furnished an occasion for the injury-producing event, which was unforeseeable as a matter of law (*compare Marenghi v New York City Tr. Auth.*, 151 AD2d 272 [1989], *affd* 74 NY2d 822 [1989], *with Walton v Doyle*, 9 NY2d 783 [1961]). In opposition, the plaintiff failed to raise any triable issue of fact regarding the defendant's negligence or the foreseeability of the other passenger's conduct. Accordingly, the motion for summary judgment dismissing the complaint should have been granted.

The plaintiffs' remaining contentions are without merit. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.