■ MYRA SUTIN, Respondent, v MANHATTAN AND BRONX SUR-FACE TRANSIT OPERATING AUTHORITY, Appellant. [864 NYS2d 411]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered on or about June 22, 2007, which, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

A triable issue of fact exists as to whether defendant breached its duty to plaintiff to stop the bus at a place from which she could safely disembark and leave the area since the parties offer conflicting accounts regarding the positioning of the bus in relation to the curb when it came to a stop (*see Malawer v New York City Tr. Auth.*, 6 NY3d 800 [2006], *affg* 18 AD3d 293 [2005]). Specifically, a triable issue of fact exists regarding how far from the curb the bus stopped.

We note, however, that plaintiff impermissibly raised a theory of liability in opposition to the motion that was not articulated in her notice of claim. The notice of claim states that the bus driver "failed to provide a safe location for passengers to exit"; her complaint contained a substantially similar allegation. Nowhere in her notice of claim, complaint or bill of particulars did plaintiff allege that the bus driver failed to "kneel," i.e., lower, the bus prior to letting her off. Moreover, plaintiff's General Municipal Law § 50-h hearing testimony makes plain that her theory of liability is that "the positioning of the bus," i.e., its proximity to the curb when plaintiff disembarked, caused her trip-and-fall accident. Accordingly, plaintiff is precluded from raising this new theory in opposition to the motion for summary judgment (*see Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410 [2004]; *see also Barksdale v New York City Tr. Auth.*, 294 AD2d 210 [2002] [Supreme Court correctly granted defendant's motion in limine to preclude plaintiff from offering evidence at trial respecting theory of liability not set forth in notice of claim]). Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ.