■ Robert R. Barravecchio et al., Appellants-Respondents, v New York City Transit Authority et al., Respondents, and Michael S. Sentina et al., Respondents-Appellants. [922 NYS2d 96]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated February 3, 2010, as granted that branch of the motion of the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Manhattan and Bronx Surface Transportation Operating Authority which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Michael S. Sentina and Stephanie Sentina cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the defendants Michael S. Sentina and Stephanie Sentina to the plaintiffs, and one bill of costs payable by the plaintiffs to the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Manhattan and Bronx Surface Transportation Operating Authority.

In 2007, the injured plaintiff and his wife, suing derivatively, commenced this action against, among others, the defendants New York City Transit Authority (hereinafter NYCTA), Metropolitan Transportation Authority, and Manhattan and Bronx Surface Transportation Operating Authority (hereinafter collectively the NYCTA defendants), to recover damages for personal injuries allegedly sustained when the injured plaintiff's foot was run over by a car driven by the defendant Michael S. Sentina and owned by the defendant Stephanie Sentina (herein-

after together the Sentina defendants), shortly after alighting from a westbound NYCTA bus. Although there was a sidewalk within a few feet of the door of the bus, the injured plaintiff testified at his deposition that he chose not to step onto the sidewalk, but, rather, to cross Fingerboard Road eastbound in the crosswalk. He further testified that when he got off the bus, the pedestrian walk sign was in his favor, but at some point before the collision, it began to blink red. He testified that he did not know at what point it had changed.

The NYCTA defendants moved, inter alia, and the Sentina defendants separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, among other things, granted that branch of the motion of the NYCTA defendants which was for summary judgment dismissing the complaint insofar as asserted against them, but denied the motion of the Sentina defendants, finding the existence of triable issues of fact precluding the Sentina defendants' entitlement to summary judgment. We affirm the order insofar as appealed and cross-appealed from.

"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988]; *see Forminio v City of New York*, 68 AD3d 924, 925 [2009]; *Pryce v County of Suffolk*, 55 AD3d 894, 895 [2008]; *Bryant v New York City Tr. Auth.*, 29 AD3d 844 [2006]). NYCTA's duty of care to its passengers terminates once they alight safely from the bus (*see O'Lear v Alvarado*, 15 AD3d 637, 638 [2005]; *Wisoff v County of Westchester*, 296 AD2d 402 [2002]; *Diedrick v City of New York*, 162 AD2d 496, 497 [1990]).

Contrary to the plaintiffs' contentions, the NYCTA defendants established their prima facie entitlement to judgment as a matter of law by tendering evidence that they did not breach their duty of care to the injured plaintiff (*see Culmone v New York City Tr. Auth.*, 40 AD3d 676 [2007]). Specifically, the record establishes that the injured plaintiff had a safe path available to him when he got off the bus (*see Davila v New York City Tr. Auth.*, 66 AD3d 952, 953 [2009]; *Brown v City of New York*, 250 AD2d 638, 639 [1998]; *Otonoga v City of New York*, 234 AD2d 592, 593 [1996]). In opposition to the NYCTA defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the NYCTA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Additionally, the Supreme Court properly denied the Sentina defendants' motion for summary judgment dismissing the

complaint insofar as asserted against them. Viewing the evidence in the light most favorable to the nonmoving party (*see Stukas v Streiter*, 83 AD3d 18, 22 [2d Dept 2011]), the injured plaintiff's deposition testimony, which the Sentina defendants relied on in support of their motion, was sufficient to demonstrate the existence of a triable issue of fact as to whether the Sentina vehicle had proceeded through the intersection in violation of a traffic signal. Since the Sentina defendants did not establish their prima facie entitlement to judgment as a matter of law, denial of their motion was required without regard to the sufficiency of the plaintiffs' papers submitted in opposition (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Wilson v Rojas*, 63 AD3d 1048, 1050 [2009]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30258(U).]**