■ ELIO GARCIA, JR., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant/Third-Party Plaintiff-Appellant, and LAWRENCE GRAZIANO, Appellant. MARCO LOJA, Third-Party Defendant-Respondent. [923 NYS2d 185]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Richmond County (Giacobbe, J.), entered November 18, 2009, which, upon a jury verdict finding the defendant Lawrence Graziano 15% at fault in the happening of the accident, and the third-party defendant Marco Loja 85% at fault, and an order of the same court dated July 29, 2009, inter alia, denying those branches of their motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint, or to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against the defendant third-party plaintiff, New York City Transit Authority.

Ordered that the judgment is affirmed, with costs.

Shortly after midnight on July 11, 2004, a vehicle driven by the third-party defendant, Marco Loja, which was owned by the plaintiff, collided with a New York City Transit Authority bus operated by the defendant Lawrence Graziano at a "Y-shaped" intersection located at Platinum and Richmond Avenues in Staten Island. After a trial, the jury found Graziano 15% at fault in the happening of the accident, and Loja 85% at fault. The defendant third-party plaintiff, New York City Transit Authority, stipulated at trial that it was vicariously liable for Graziano's negligence, if any.

The Supreme Court properly denied that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint. The proponent of a motion pursuant to CPLR 4404 to set aside a jury verdict as not supported by legally sufficient evidence must demonstrate that

there is no valid line of reasoning and permissible inferences which would lead rational persons to the conclusions reached by the jury (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). Here, a valid line of reasoning and permissible inferences could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Fekry v New York City Tr. Auth.*, 75 AD3d 616 [2010]).

Furthermore, the Supreme Court properly denied that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, since a fair interpretation of the evidence supported the jury's determination (*see Nicastro v Park*, 113 AD2d 129 [1985]).

The defendants' remaining contentions do not warrant reversal. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.