Jose Aquino Rodriguez et al., Appellants, v Board of Education of the City of New York, Respondent. [969 NYS2d 25]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered May 7, 2012, which granted defendant Board of Education of the City of New York's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

In this negligence action, it is alleged that the infant plaintiff was injured when he slipped and fell on liquid on the stairs of an elementary school. The notice of claim limited plaintiffs' theory of liability to negligent maintenance, upkeep and repair of the subject staircase, asserting that the infant plaintiff was caused to slip and fall due to a liquid substance on the floor and inadequate lighting. The infant plaintiff testified that he was caused to fall by "slippery juice" that was "all over the stairs." He testified that he wasn't able to see all of the juice due to insufficient lighting. Plaintiffs' new theory, in opposition to the motion for summary judgment, that the infant plaintiff was caused to slip and fall due to various design defects including, inter alia, treads and risers of insufficient length, an improperly placed handrail and stairs not coated with nonskid materials, is precluded (see Rosenbaum v City of New York, 8 NY3d 1, 11-13 [2006]; Sutin v Manhattan & Bronx Surface Tr. Operating Auth., 54 AD3d 616 [1st Dept 2008] [plaintiff who asserted in notice of claim that bus driver had failed to stop the bus at a place from which she could safely disembark was precluded from raising the new theory, in opposition to the defendant's motion for summary judgment, that the bus driver failed to "kneel" the bus prior to letting her off]; Chieffet v New York City Tr. Auth., 10 AD3d 526, 527 [1st Dept 2004] [where notice of claim alleged injury due to slippery condition on staircase, plaintiff precluded from later asserting in opposition to summary judgment that the staircase was in a "broken" condition]; accord Barksdale v New York City Tr. Auth., 294 AD2d 210, 211 [1st Dept 2002] [where notice of claim alleged negligent maintenance of safety chains between subway cars, plaintiff precluded from later asserting design defects in the gates "or other devices" between subway cars]).

The order appealed from should nonetheless be reversed and the motion denied because defendant failed to meet its prima facie burden on a motion for summary judgment of establishing that it neither created nor had constructive notice of the haz-

ardous condition (*see e.g. Sabalza v Salgado*, 85 AD3d 436, 437-438 [1st Dept 2011]; *Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518, 519 [1st Dept 2010]). Defendant's supervising engineer testified only as to a general cleaning routine, but had no personal knowledge as to whether the cleaning schedule was adhered to on the day of the accident, and he could not state when the staircase in question had last been cleaned or inspected prior to the accident. Moreover, he did not know whether the custodian responsible for cleaning the staircase worked on the day of the accident and the custodian did not testify or submit an affidavit (*see Williams v New York City Hous. Auth.*, 99 AD3d 613 [1st Dept 2012]; *Peters v Trammell Crow Co.*, 47 AD3d 419, 420 [1st Dept 2008]; *Deluna-Cole v Tonali, Inc.*, 303 AD2d 186 [1st Dept 2003]). In addition, there is a question of fact as to whether defendant created the hazardous condition since defendant failed to address the evidence of insufficient lighting, the use of semi-gloss paint on the steps and their worn treads, all of which plaintiff alleges contributed to the accident.

We note that defendant improperly challenges the substantive merit of plaintiffs' expert opinion for the first time on appeal. Concur—Mazzarelli, J.P., Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.