MATTHEW MEYERS et al., Appellants-Respondents, v DELANCEY CAR SERVICE, INC., et al., Respondents, and FERNANDO C. CORDERO, Respondent-Appellant. [8 NYS3d 377]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of

an order of the Supreme Court, Kings County (Silber, J.), dated May 15, 2014, as granted that branch of the cross motion of the defendants Waterfront N.Y. Realty Corp. and ENK International, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Fernando C. Cordero cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Waterfront N.Y. Realty Corp. and ENK International, LLC, payable by the plaintiffs and the defendant Fernando C. Cordero, and one bill of costs to the plaintiffs and the defendants Arthur C. Weiner and Diane D. Fenner payable by the defendant Fernando C. Cordero.

On January 21, 2012, the injured plaintiff, Matthew Meyers, alighted from a livery vehicle parked in front of premises located at 269 11th Avenue in Manhattan. Meyers intended to attend a trade show located at that address. Meyers had put property in the cargo area of the vehicle, and, in the course of unloading that property, he made several trips between the vehicle and the sidewalk. At some point, however, while Meyers was standing behind the livery vehicle next to the vehicle's driver, the defendant Fernando C. Cordero, he was struck by another vehicle and pinned to the livery vehicle. Meyers, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action to recover damages for his resultant injuries. The plaintiffs named as defendants the owner and the driver of the vehicle that had struck him, Arthur C. Weiner and Diane D. Fenner, respectively, the livery vehicle's driver and owner, Cordero and Delancey Car Service, Inc., respectively, the owner of the property where the trade show was being held, Waterfront N.Y. Realty Corp. (hereinafter Waterfront), and the host of the trade show, ENK International, LLC (hereinafter ENK).

As relevant to this appeal, Cordero moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and Waterfront and ENK cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied Cordero's motion, and granted Waterfront's and ENK's cross motion. The plaintiffs appeal, and Cordero cross-appeals.

Cordero, as a common carrier (*see Anderson v Fidelity & Cas. Co. of N.Y.*, 228 NY 475, 482-483 [1920]), owed a duty to

Meyers to stop at a place where Meyers could alight safely and leave the area (*see Miller v Fernan*, 73 NY2d 844, 846 [1988]; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 109 [1987], *affd* 72 NY2d 888 [1988]). By submitting evidence that he parked at the curb and thus provided Meyers with a safe place to alight, Cordero established prima facie that he satisfied his duty of care (*see Barravecchio v New York City Tr. Auth.*, 83 AD3d 630, 631 [2011]). The plaintiffs, however, raised a triable issue of fact as to Cordero's negligence by submitting evidence that Cordero did not park alongside the curb, but a distance from it (*see Ross v MTA Long Is. R.R.*, 17 AD3d 340, 341 [2005]).

Waterfront and ENK demonstrated they did not control the public street upon which the accident occurred and owed no duty to Meyers (*see Haymon v Pettit*, 9 NY3d 324, 328 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Kallem v Mandracchia*, 111 AD3d 893, 894 [2013]).

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly denied Cordero's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and granted that branch of Waterfront's and ENK's cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.