■ ALFRED PETER DIORIO, Appellant-Respondent, v OSSINING UNION FREE SCHOOL DISTRICT et al., Defendants, and BAUMANN & SONS BUSES, INC., et al., Respondents-Appellants. [33 NYS3d 285]—

In an action, inter alia, to recover damages for libel, the plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Smith, J.), entered February 21, 2014, as, upon the granting of that branch of the motion of the defendants Baumann & Sons Buses, Inc., and William Heitmann pursuant to CPLR 4401, made at the close of the evidence, which was for judgment as a matter of law on the claim for punitive damages, dismissed the claim for punitive damages, and the defendants Baumann & Sons Buses, Inc., and William Heitmann cross-appeal, as limited by their brief, from so much of the judgment as, upon a jury verdict, and upon so much of an order of the same court dated January 23, 2014, as denied their motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against them on the issues of liability and damages, and for judgment as a matter of law, is against them and in favor of the plaintiff in the principal sum of $472,000.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, a bus driver employed by the defendant Baumann & Sons Buses, Inc. (hereinafter Baumann), commenced this action, inter alia, to recover damages for libel based on allegations that the defendant William Heitmann, Baumann's Terminal Supervisor, published a defamatory email which resulted in the plaintiff being disqualified by the Ossining Union Free School District from being a school bus driver and which in turn resulted in Baumann terminating the plaintiff's employment (*see Diorio v Ossining Union Free School Dist.*, 96 AD3d 710 [2012]). A jury found that the email was defamatory and that Heitmann abused his qualified privilege in sending the email.

The Supreme Court properly denied that branch of the motion of the defendants Baumann and Heitmann (hereinafter together the defendants) pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of liability. "The proponent of a motion pursuant to CPLR 4404 to set aside a jury verdict as not supported by legally sufficient evidence must demonstrate that there is no valid line of reasoning and permissible inferences which would lead rational persons to the conclusions reached by the jury" (*Garcia v New York City Tr. Auth.*, 84 AD3d 1021, 1021-1022 [2011]). In this case, a valid line of reasoning and permissible inferences could lead rational persons to the conclusion reached by the jury based on the evidence presented at trial (*see id.* at 1022).

Furthermore, the Supreme Court properly granted that branch of the defendants' motion pursuant to CPLR 4401, made at the close of evidence, which was for judgment as a matter of law in favor of them on the issue of punitive damages. Viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could base a finding in the plaintiff's favor on that issue (*see Prozeralik v Capital Cities Communications*, 82 NY2d 466 [1993]; *Ryzak v Anderson*, 135 AD3d 737 [2016]; *Flomenhaft v Jacoby & Meyers, LLP*, 122 AD3d 422 [2014]; *Weiss v Lowenberg*, 95 AD3d 405 [2012]; *Morsette v "The Final Call"*, 309 AD2d 249 [2003]; *Wellington Funding & Bus. Consultants v Continental Grain Co.*, 259 AD2d 323 [1999]).

The parties' remaining contentions are without merit. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.