Janas v Town of Oyster Bay (2018 NY Slip Op 06086)





Janas v Town of Oyster Bay


2018 NY Slip Op 06086


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-01185
 (Index No. 9041/13)

[*1]Jessica Janas, etc., et al., appellants, 
v
Town of Oyster Bay, respondent, et al., defendants.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Martin Block of counsel), for appellants.
Burns, Russo, Tamigi & Reardon, LLP (Milber Makris Plousadis & Seiden, LLP, Woodbury, NY [Peter Tamigi], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered December 11, 2015. The order, insofar as appealed from, granted the motion of the defendant Town of Oyster Bay for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the evening of July 17, 2012, the infant plaintiffs attended a concert and fireworks show held by the Town of Oyster Bay in a Town park. The infant plaintiffs allegedly were injured when they were struck by a car while crossing Merrick Road in the Town, at a site where there was neither a crosswalk nor any traffic control devices. The infant plaintiffs and their father commenced this action to recover damages for the personal injuries sustained by the infant plaintiffs and for loss of services on behalf of their father, against, among others, the Town. The Supreme Court granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal, and we affirm insofar as appealed from.
"In any negligence action, the threshold issue before the court is whether the defendant owed a legally recognized duty to the plaintiff" (Gilson v Metropolitan Opera, 5 NY3d 574, 576). "The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts" (Sanchez v State of New York, 99 NY2d 247, 252). Under the particular circumstances of this case, the Town established, prima facie, that it owed no duty to the infant plaintiffs once they left Town property and decided to cross Merrick Road, which is owned by the County (see Meyers v Delancey Car Serv., Inc., 127 AD3d 1148; St. Andrew v O'Brien, 45 AD3d 1024). Since the plaintiffs failed to raise a triable issue of fact in opposition, we agree with the Supreme Court's determination granting the Town's motion.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court