Salas v Adirondack Tr. Lines, Inc. (2019 NY Slip Op 03395)





Salas v Adirondack Tr. Lines, Inc.


2019 NY Slip Op 03395


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-09759
 (Index No. 504179/14)

[*1]Elizabeth Salas, appellant, 
v
Adirondack Transit Lines, Inc., etc., respondent.


The Clancy Law Firm, P.C. (Niall MacGiollabhui, New York, NY, of counsel), for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Kimberly A. Ricciardi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 31, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2014, the plaintiff commenced this action to recover damages for personal injuries based on allegations that on October 20, 2012, she fell while alighting from the defendant's bus upon its arrival at a bus depot. Following joinder of issue and discovery, the defendant moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted the motion. The plaintiff appeals.
A common carrier, such as the defendant, "owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark" (Miller v Fernan, 73 NY2d 844, 846; see Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 109; affd 72 NY2d 888; see also Meyers v Delancey Car Serv., Inc., 127 AD3d 1148, 1150; Barravecchio v New York City Tr. Auth., 83 AD3d 630, 632). "Liability rests upon a finding that the placement of the bus dictates that the passenger, in order to . . . exit . . . the bus, must negotiate a dangerous or defective path" (Malawer v New York City Tr. Auth., 18 AD3d 293, 295 [internal quotation marks omitted], affd 6 NY3d 800).
Here, in support of its motion for summary judgment, the defendant submitted evidence sufficient to establish, prima facie, that it satisfied its duty of care to provide the plaintiff, who was not disabled and who did not request any assistance, with a safe place to alight from the bus (see Meyers v Delancey Car Serv., Inc., 127 AD3d at 1150; see also Otonoga v City of New York, 234 AD2d 592, 593; cf. Toolsie v New York City Tr. Auth., 55 AD3d 476, 476-477; Sutin v Manhattan & Bronx Tr. Operating Auth., 54 AD3d 616, 616).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see CPLR 3212[b]). The affidavits submitted by the plaintiff and her two [*2]traveling companions failed to show that the location where the bus was stopped was unsafe for exiting passengers. The plaintiff also submitted an affidavit from an expert witness who averred that there is a standard operating procedure in the bus transportation industry for the bus driver to stand at the foot of the bus stairs to offer assistance or advise customers to watch their step when boarding and alighting the bus. The expert claimed that this procedure was "typically" performed on long distance commuter and charter trips. While evidence of industry practice and standards is admissible to establish a duty of care (see Trimarco v Klein, 56 NY2d 98, 105-106), an expert's affidavit in opposition to a motion for summary judgment must contain more than mere conclusory assertions (see Romano v Stanley, 90 NY2d 444, 451-452; Abrams v Bute, 138 AD3d 179, 195-196). Here, the plaintiff's expert failed to set forth any foundation to support the conclusion that an industry standard or practice existed (see Phillips v McClellan St. Assoc., 262 AD2d 748, 749-750). Nor did the expert identify any specific statute or regulation that the defendant violated that proximately caused the plaintiff's injuries. The expert affidavit, therefore, did not raise a triable issue of fact (see Trimarco v Klein, 56 NY2d at 103, 106-107; Barron v Eastern Athletic, Inc., 150 AD3d 654, 656; Carlino v Triboro Coach Corp., 22 AD3d 624, 625; Diaz v New York Downtown Hosp., 287 AD2d 357, 358, affd 99 NY2d 542).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court