Watson v New York City Tr. Auth. (2019 NY Slip Op 03652)





Watson v New York City Tr. Auth.


2019 NY Slip Op 03652


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-02797
 (Index No. 20927/11)

[*1]Sandra Watson, respondent, 
v
New York City Transit Authority, appellant, et al., defendant.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
David Horowitz, P.C., New York, NY (Christopher S. Joslin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Gloria Dabiri, J.), dated January 20, 2017. The judgment, upon a jury verdict on the issue of liability in favor of the plaintiff and against that defendant, upon a jury verdict on the issue of damages, and upon an order of the same court dated September 21, 2015, inter alia, denying that defendant's motion pursuant to CPLR 4404(a), among other things, to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against that defendant in the principal sum of $226,451.81.
ORDERED that the judgment is affirmed, with costs.
On October 23, 2010, the plaintiff was exiting a bus operated by the defendant New York City Transit Authority (hereinafter the defendant), when she allegedly fell to the ground and sustained injuries. The plaintiff commenced this personal injury action against the defendant and another. Following the liability phase of the trial, the jury found that the defendant was negligent and that its negligence was a substantial factor in causing the accident. The jury also found that while the plaintiff was negligent, her negligence was not a substantial factor in causing the accident.
After a jury trial on the issue of damages, the plaintiff was awarded the principal sum of $226,451.81. The defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside that jury verdict as contrary to the weight of the evidence and for a new trial. In an order dated September 21, 2015, the Supreme Court, inter alia, denied the motion, and thereupon entered judgment accordingly. The defendant appeals from the judgment.
For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, it must find that there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493, 499; see also DiRamirez v Mezzacappa, 121 AD3d 770, 771; Diorio v Ossining Union Free Sch. Dist., 139 AD3d 790, 791). [*2]A jury verdict should not be set aside as contrary to the weight of the evidence unless " the jury could not have reached the verdict on any fair interpretation of the evidence'" (Trabal v Queens Surgi-Center, 8 AD3d 555, 556, quoting Nicastro v Park, 113 AD2d 129, 134; see Reitzel v Hale, 128 AD3d 1045, 1045). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Gaudiello v City of New York, 80 AD3d 726, 726-727; see Stallings-Wiggins v New York City Tr. Auth., 166 AD3d 840; Ahmed v Port Auth. of N.Y. & N.J., 131 AD3d 493, 495).
The defendant, as a common carrier, "owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (Miller v Fernan, 73 NY2d 844, 846), "and towards that end to exercise reasonable and commensurate care in view of the dangers to be apprehended" (Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 109, affd 72 NY2d 888 [internal quotation marks omitted]; see Bryant v New York City Tr. Auth., 29 AD3d 844, 844; Malawer v New York City Tr. Auth., 18 AD3d 293, 294-295, affd 6 NY3d 800). Whether the defendant breached its duty to provide a passenger a safe place to alight from the bus depends on whether the bus operator could or could not have observed the dangerous condition from the operator's vantage point (see Lovato v New York City Tr. Auth., 50 AD3d 969, 971; Engram v Manhattan & Bronx Surface Transit Operating Auth., 190 AD2d 536; Blye v Manhattan & Bronx Surface Transit Operating Auth., 124 AD2d at 112-113). Here, there was evidence that there was a cracked and uneven condition of the road at the location where the bus driver stopped the bus and that the driver was familiar with the condition. Therefore, the jury rationally and reasonably could have concluded that this was not a safe place for passengers to disembark. A valid line of reasoning and permissible inferences and a fair interpretation of the evidence support the conclusion that the defendant's actions constituted the sole proximate cause of the accident (see Graziano v City of New York, 153 AD3d 680, 680; Henry v Town of Hempstead, 119 AD3d 649, 650; Coma v City of New York, 97 AD3d 715, 715).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court